B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT<br>Southern District of New York | **VOLUNTARY PETITION** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Eagle Bulk Shipping Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>N/A |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>None | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>N/A |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>98–0453513 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>N/A |
| Street Address of Debtor (No. and Street, City, and State):<br>477 Madison Avenue<br>New York, New York    ZIP CODE 10022 | Street Address of Joint Debtor (No. and Street, City, and State):<br>N/A    ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>New York | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>N/A    ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |

Location of Principal Assets of Business Debtor (if different from street address above): The Debtor's principal assets consist of (i) uncertificated equity interests in certain of the Debtor's non-debtor subsidiaries organized in various jurisdictions throughout the world, (ii) certain certificated equity interests in the Debtor's non-debtor subsidiaries, which equity interests are held as collateral by Wilmington Trust (London) Limited, in its capacity as security trustee, in its London, United Kingdom office, and (iii) certain funds on deposit in the Debtor's account maintained with Royal Bank of Scotland, plc in London, United Kingdom.
ZIP CODE

| **Type of Debtor**<br>(Form of Organization)<br>(Check **one** box.) | **Nature of Business**<br>(Check **one** box.) | **Chapter of Bankruptcy Code Under Which<br>the Petition is Filed** (Check **one** box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7       ☐ Chapter 15 Petition for<br>☐ Chapter 9         Recognition of a Foreign<br>☒ Chapter 11        Main Proceeding<br>☐ Chapter 12      ☐ Chapter 15 Petition for<br>☐ Chapter 13        Recognition of a Foreign<br>                   Nonmain Proceeding |

| **Chapter 15 Debtors** | **Tax-Exempt Entity**<br>(Check box, if applicable.) | **Nature of Debts**<br>(Check **one** box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."      ☒ Debts are primarily business debts. |

| **Filing Fee** (Check **one** box.) | **Chapter 11 Debtors** |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).<br><br>-----<br><br>**Check all applicable boxes:**<br>☒ A plan is being filed with this petition.<br>☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | **THIS SPACE IS FOR COURT USE ONLY** |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors
| ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): Eagle Bulk Shipping Inc. |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) |||
|---|---|---|
| Location Where Filed: N/A | Case Number: | Date Filed: |
| Location Where Filed: None | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
|---|---|
| ☒ Exhibit A is attached and made a part of this petition. | X  N/A _____ Signature of Attorney for Debtor(s)           (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): Eagle Bulk Shipping Inc. |
|---|---|
| **Signatures** ||

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X   N/A<br>    Signature of Debtor<br><br>X   N/A<br>    Signature of Joint Debtor<br>    N/A<br>    Telephone Number (if not represented by attorney)<br>    N/A<br>    Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐   I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐   Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X   N/A<br>    Signature of Foreign Representative<br><br>    N/A<br>    Printed Name of Foreign Representative<br><br>    _____<br>    Date |

| **Signature of Attorney*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|
| X   /s/ Paul M. Aronzon<br>    Signature of Attorney for Debtor(s)<br>    Paul M. Aronzon<br>    Printed Name of Attorney for Debtor(s)<br>    Milbank, Tweed, Hadley & McCloy LLP<br>    Firm Name<br><br>    601 S. Figueroa St., 30th Floor<br>    Los Angeles, CA 90017<br>    Address<br>    (213) 892-4000<br>    Telephone Number<br>    August 6, 2014<br>    Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>    N/A<br>    Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>    _____<br>    Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>    _____<br>    Address<br><br>X   N/A<br>    Signature<br><br>    _____<br>    Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X   /s/ Adir Katzav<br>    Signature of Authorized Individual<br>    Adir Katzav<br>    Printed Name of Authorized Individual<br>    Chief Financial Officer<br>    Title of Authorized Individual<br>    August 6, 2014<br>    Date | |

B 1A (Official Form 1, Exhibit A) (9/97)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# UNITED STATES BANKRUPTCY COURT

In re   Eagle Bulk Shipping Inc.   ,   )   Case No.  14-_____

                Debtor                )

                                      )

                                      )   Chapter 11

### EXHIBIT "A" TO VOLUNTARY PETITION

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  001-33831  .

2. The following financial data is the latest available information and refers to the debtor's condition on the Petition Date (except as otherwise indicated herein).

   a. Total assets                                    no greater than  $ 850,000,000.00 to 950,000,000.00

   b. Total debts (including debts listed in 2.c., below)             $ 1,206,874,212.23

   c. Debt securities held by more than 500 holders:                                    Approximate number of holders:

   secured ☐   unsecured ☐   subordinated ☐   $ _____   _____
   secured ☐   unsecured ☐   subordinated ☐   $ _____   _____
   secured ☐   unsecured ☐   subordinated ☐   $ _____   _____
   secured ☐   unsecured ☐   subordinated ☐   $ _____   _____
   secured ☐   unsecured ☐   subordinated ☐   $ _____   _____

   d. Number of shares of preferred stock           _____   _____
   e. Number of shares common stock                 18,315,213   See comments below

   Comments, if any:

The range set forth in 2.a is based on the valuation analysis undertaken by the Debtor's financial advisor in connection with the disclosure statement for the Debtor's prepackaged plan of reorganization, which is being filed contemporaneously with this voluntary petition. Additional information can be found in the disclosure statement. The figure set forth in 2.e reflects outstanding shares and is subject to increase based on the exercise of outstanding warrants to acquire approximately 852,000 additional shares. In addition, as the Debtor's common stock is publicly traded, the approximate number of holders of such common stock is subject to constant fluctuation, and as such, no estimate is provided in 2.e above.

3. Brief description of debtor's business:

The Debtor is a leading provider of ocean-borne transportation services for a broad range of major and minor "dry bulk" cargoes, including iron ore, coal, grain, cement, and fertilizer, along worldwide shipping routes.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

As of March 31, 2014, the Debtor reported that (i) Mr. Sophocles N. Zoullas owned 5.48% of the 16,902,213 shares of the Debtor's common stock then-outstanding, including shares subject to options exercisable within 60 days of such date and (ii) according to a Schedule 13G filed by Dimensional Fund Advisors LP on February 10, 2014, Dimensional Fund Advisors LP had dispositive voting power over 5.90% of the 16,902,213 shares Debtor's common stock outstanding on March 31, 2014.

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

On August 6, 2014, Eagle Bulk Shipping Inc., as debtor and debtor in possession in the above-captioned chapter 11 cases (the "Debtor"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532.

The following list of the Debtor's creditors holding the twenty (20) largest unsecured claims against the Debtor has been prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure and Rule 1007-2(a)(4) of the Local Rules for the Southern District of New York. This list does not include (i) persons who come within the definition of "insider" set forth in section 101(31) of title 11 of the United States Code or (ii) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the twenty largest unsecured claims.

The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtor. The Debtor reserves all rights to assert that any debt or claim listed herein is a disputed claim or debt, and to challenge the priority, nature, amount or status of any such claim or debt. In the event of any inconsistencies between the summaries set forth below and the respective corporate and legal documents relating to such obligations, the descriptions in the corporate and legal documents shall control.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and complete mailing address including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Amount of Claim (if secured also state value of security) |
|---|---|---|---|---|
| Wilmington Trust (London) Limited, as successor agent and security trustee<br>Third Floor, 1 King's Arms Yard<br>London, EC2R 7AF<br>United Kingdom<br>Attn: Paul Barton | Wilmington Trust (London) Limited, as successor agent and security trustee<br>Third Floor, 1 King's Arms Yard<br>London, EC2R 7AF<br>United Kingdom<br>Attn: Paul Barton | Unsecured Deficiency Claim under Prepetition Credit Agreement | | Undetermined |
| International Chartering Services, Inc.<br>C/O Keane & Marlowe LLP<br>197 Route 18, Suite 3000<br>East Brunswick, NJ  08816<br>United States | International Chartering Services, Inc.<br>C/O Keane & Marlowe LLP<br>197 Route 18, Suite 3000<br>East Brunswick, NJ  08816<br>United States<br>Attn: Christopher P. Keane, Jr<br><br>Phone: (732) 951-8300 | Litigation | Contingent, Unliquidated, Disputed | Undetermined |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and complete mailing address including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Amount of Claim (if secured also state value of security) |
|---|---|---|---|---|
| Peraco Chartering (USA) LLC C/O Keane & Marlowe LLP 197 Route 18, Suite 3000 East Brunswick, NJ  08816 United States | Peraco Chartering (USA) LLC C/O Keane & Marlowe LLP 197 Route 18, Suite 3000 East Brunswick, NJ  08816 United States Attn: Christopher P. Keane, Jr. Phone :(732) 951-8300 | Litigation | Contingent, Unliquidated, Disputed | Undetermined |

2

I, the undersigned authorized officer of Eagle Bulk Shipping Inc., named as the Debtor in this case, declare under penalty of perjury that I have reviewed the foregoing and that it is true and correct to the best of my knowledge, information, and belief, with reliance on appropriate corporate officers.

Dated: New York, New York
      August 6, 2014

By: /s/Adir Katzav
    Adir Katzav
    Title: Chief Financial Officer

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| EAGLE BULK SHIPPING INC., | )  Chapter 11 |
| | ) |
| | )  Case No. 14-_____ (__) |
| Debtor. | ) |
| | ) |

### CORPORATE OWNERSHIP STATEMENT

In accordance with Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Bankruptcy Rules for the Southern District of New York, Eagle Bulk Shipping Inc. (the "Debtor") hereby states that there are currently no entities that directly or indirectly own 10% or more of the equity interests in the Debtor.

I, the undersigned authorized officer of the Debtor, declare under penalty of perjury that I have reviewed the foregoing and that it is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

Dated: August 6, 2014
New York, New York

By: /s/Adir Katzav
Adir Katzav
Title: Chief Financial Officer

EAGLE BULK SHIPPING INC.

OFFICER'S CERTIFICATE

The undersigned, Adir Katzav, being the duly elected, qualified and acting Chief Financial Officer of EAGLE BULK SHIPPING INC., a corporation organized and existing under the laws of the Republic of the Marshall Islands (the "Corporation"), hereby certifies that attached hereto as Exhibit A is a true and correct excerpt of resolutions duly adopted at a meeting of the Board of Directors of the Corporation duly convened and held on August 1, 2014, which resolutions have not been amended, modified or revoked and continue in full force and effect on the date hereof.

IN WITNESS WHEREOF, the undersigned has signed this Certificate as of the 1st day of August, 2014.

   /s/Adir Katzav
Adir Katzav
Chief Financial Officer

## EXHIBIT A

RESOLUTIONS OF

THE BOARD OF DIRECTORS

OF

EAGLE BULK SHIPPING INC.

WHEREAS, the Board of Directors (the "Board") has considered the financial and operational condition of Eagle Bulk Shipping Inc. ("EBS") and its direct and indirect subsidiaries (each an "EBS Entity" and, collectively, the "EBS Entities" or the "Company");

WHEREAS, the Board has reviewed the historical performance and results of the Company, the market in which the Company operates, its business prospects, and its current long-term liabilities;

WHEREAS, it is proposed that each of the EBS Entities enter into a restructuring support agreement, substantially in the form presented to the Board with the board package for this meeting (such agreement, together with the exhibits attached thereto, and as may be amended, restated, supplemented, or otherwise modified from time to time in accordance with the terms thereof, the "RSA"), with the consent of certain holders of claims with respect to obligations under the Fourth Amended and Restated Credit Agreement on June 20, 2012 by and among the Company, its subsidiaries, and certain lenders (the "Credit Agreement"), which holders (the "Consenting Lenders") hold, in the aggregate, at least 66 2/3% of the total principal amount outstanding of all such claims, and comprise, in the aggregate, more than one-half in number of the total number of holders of such claims;

WHEREAS, the RSA contemplates, among other things, a restructuring of EBS (the "Restructuring"), on the terms and subject to the conditions set forth in the RSA and the "Term Sheet" annexed as Exhibit A to the RSA, with such Restructuring to be implemented through a voluntary case (the "Chapter 11 Case") commenced by EBS under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101- 1532 (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), pursuant to a prepackaged plan of reorganization in the form annexed as Exhibit B to the RSA (with such amendments, modifications and supplements as are made in accordance with the RSA, the "Plan"), which Plan would be filed by EBS in connection with its commencement of the Chapter 11 Case, and pursuant to the RSA the Consenting Lenders have agreed, subject to the terms and conditions set forth in the RSA, to vote to accept the Plan (the "Plan Votes");

WHEREAS, the RSA provides that EBS will, among other things, (i) commence solicitation of votes to accept the Plan (the "Solicitation") by delivering to the lenders under the Credit Agreement, among other things, the Plan (and all exhibits thereto), the related disclosure statement (and all exhibits thereto) substantially in the form attached as Exhibit C to the RSA (including all exhibits thereto, the "Disclosure Statement"), and certain other solicitation materials with respect to the Plan, including ballots (collectively, the "Solicitation Materials"); and (ii) subject to the satisfaction of certain conditions set forth in the RSA (including, without limitation, obtaining the Plan Votes from all Consenting Lenders), commence the Chapter 11

Case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court;

WHEREAS, the Board is adopting these Resolutions with the understanding that the Consenting Lenders are consenting to the Company's entry into the RSA and the transactions contemplated thereby, and the commencement of the Chapter 11 Case shall accordingly be subject to the Consenting Lenders' recording such consents by executing and entering into the RSA;

WHEREAS, in anticipation of the Restructuring, it is also proposed that the Company, the Required Lenders (as defined in the Credit Agreement), the Agent (as defined in the Credit Agreement) and the Security Trustee (as defined in the Credit Agreement) enter into an amendment to the Credit Agreement and an intercreditor agreement with the agent under the DIP Facility (as defined below) (together, the "Credit Agreement Amendment") which, collectively, will (i) permit the subordination of the claims, and the liens, mortgage, security interests and other encumbrances securing the EBS Entities' obligations under the Credit Agreement (including the obligations of the Guarantors (as defined in the Credit Agreement)) (collectively, the "Existing Liens") by the claims under, and the liens, security interests and mortgages securing, the contemplated DIP Facility; and (ii) facilitate the release of all of the Existing Liens and all of the obligations of, and claims against, the Guarantors under the Credit Agreement, concurrently with the Company's entry into the New Exit Financing Facility (defined in the Plan) in connection with the consummation of the Restructuring;

WHEREAS, the Board has reviewed the materials presented by its financial, legal and other advisors and has engaged in extensive deliberations, discussions and other correspondence (including, without limitation, with such advisors and the Company's management team) regarding the liabilities and liquidity position of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's business and operations; and

WHEREAS, the Board's deliberations and discussions gave full consideration to the strategic alternatives available to the Company, including, without limitation, the Restructuring.

NOW THEREFORE BE IT:

I.      Restructuring Support Agreement

RESOLVED, that the Board has reviewed the terms and conditions of the RSA (including the forms of the Plan, the Disclosure Statement and other RSA exhibits included in the board package presented to the Board for this meeting), and has determined that it is advisable and in the best interests of EBS that EBS and the other EBS Entities party thereto enter into an agreement in substantially such form;

RESOLVED, that (i) the form, terms and provisions of the RSA and any other document or agreement to be delivered in connection with the RSA, including, without limitation, the Plan, the Disclosure Statement, the Solicitation Materials, and all schedules and exhibits to the RSA and such other documents and agreements (collectively, the "RSA Documents"), (ii) the transactions contemplated by the RSA Documents, and (iii) EBS's performance of its obligations under the RSA Documents, are hereby authorized and approved in all respects on behalf of EBS;

RESOLVED, that each of Sophocles N. Zoullas, Chief Executive Officer of EBS, and Adir Katzav, Chief Financial Officer of EBS (collectively the "Authorized Officers") be, and each of them hereby is, authorized and directed (any one of them acting alone) to (i) execute,

2

acknowledge and deliver, on behalf and in the name of EBS, the RSA and the other RSA Documents, with such changes, additions and modifications thereto as the Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof and (ii) do, take, negotiate, perform, execute and deliver, on behalf and in the name of the Company, all other actions, documents, agreements and instruments that they determine in the exercise of their reasonable judgment are necessary or appropriate in connection with the consummation of the transactions contemplated by the RSA and the RSA Documents;

II.     Credit Agreement Amendment

RESOLVED, that the Board has determined that it is advisable and in the best interests of EBS that EBS and the other EBS Entities party thereto enter into the Credit Agreement Amendment;

RESOLVED, that the following actions by EBS are hereby authorized and approved in all respects: (i) EBS' entry into the Credit Agreement Amendment, (ii) EBS' consummation of the transactions contemplated by the Credit Agreement, and (iii) EBS' performance of its obligations under the Credit Agreement Amendment and all documents and agreements contemplated thereby;

RESOLVED, that each of the Authorized Officers be, and each of them hereby is, authorized and directed (any one of them acting alone) to (i) negotiate, execute, acknowledge and deliver, on behalf and in the name of EBS, the Credit Agreement Amendment and any other document or agreement to be delivered in connection with the Credit Agreement Amendment with such changes, additions and modifications thereto as the Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof and (ii) do, take, negotiate, perform, execute and deliver, on behalf and in the name of the Company, all other actions, documents, agreements and instruments that they determine in the exercise of their reasonable judgment are necessary or appropriate in connection with the consummation of the transactions contemplated by the Credit Agreement Amendment;

III.    Authorization to Commence Chapter 11 Case

Voluntary Petition

RESOLVED, that the Board has determined that it is advisable and in the best interests of EBS that EBS file, or cause to be filed, subject to the terms and conditions set forth in the RSA, a Voluntary Petition commencing the Chapter 11 Case;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed (any one of them acting alone), subject to the terms and conditions set forth in the RSA, to execute and verify a Voluntary Petition on behalf of and in the name of EBS, and to cause the same to be filed in the Bankruptcy Court, and to execute and verify and file, or cause to be filed, all motions, schedules, lists and other pleadings, papers or documents, and to take any and all action that they deem necessary or proper to obtain the relief sought therein, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business during the Chapter 11 Case;

Retention of Professionals

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized,

3

empowered and directed (any one of them acting alone), on behalf of EBS, to employ the law firm of Milbank, Tweed, Hadley & McCloy LLP ("Milbank") as general bankruptcy counsel to represent and assist EBS in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance EBS's rights, as applicable, and, in connection therewith, the Authorized Officers are hereby authorized and directed to, on behalf of and in the name of EBS, (i) execute appropriate retention agreements, (ii) pay appropriate retainers prior to any filing of the Chapter 11 Case, and (iii) cause to be executed and filed an appropriate application for authority to retain the services of Milbank;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed (any one of them acting alone), on behalf of EBS, to employ the firm of Moelis & Company ("Moelis") as financial advisor and investment banking advisor to represent and assist EBS in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance EBS's rights, and, in connection therewith, the Authorized Officers are hereby authorized and directed to, on behalf of and in the name of EBS, (i) execute appropriate retention agreements, (ii) pay appropriate retainers prior to any filing of the Chapter 11 Case, and (iii) cause to be executed and filed an appropriate application for authority to retain the services of Moelis;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed (any one of them acting alone) on behalf of EBS, to employ the firm of Alvarez & Marsal ("A&M") as restructuring advisors to represent EBS in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance EBS's rights, and, in connection therewith, the Authorized Officers are hereby authorized and directed to, on behalf of and in the name of EBS, (i) execute appropriate retention agreements, (ii) pay appropriate retainers prior to any filing of the Chapter 11 Case, and (iii) cause to be executed and filed an appropriate application for authority to retain the services of A&M;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed (any one of them acting alone), on behalf of EBS, to employ the accounting firm of PricewaterhouseCoopers LLP ("PwC"), as its accountant and auditor, to represent and assist EBS in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance EBS's rights, as applicable, and, in connection therewith, the Authorized Officers are hereby authorized and directed to, on behalf of and in the name of EBS, (i) execute appropriate retention agreements, (ii) pay appropriate retainers prior to any filing of the Chapter 11 Case, and (iii) cause to be executed and filed an appropriate application for authority to retain the services of PwC;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed (any one of them acting alone), on behalf of EBS, to employ the law firm of Togut, Segal & Segal LLP ("Togut"), as conflicts counsel, to represent and assist EBS in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance EBS's rights, as applicable, and, in connection therewith, the Authorized Officers are hereby authorized and directed to, on behalf of and in the name of EBS, (i) execute appropriate retention agreements, (ii) pay appropriate retainers prior to any filing of the Chapter 11 Case, and (iii) cause to be executed and filed an appropriate application for authority to retain the services of Togut;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and

directed (any one of them acting alone), any of whom may act without the joinder of any of the others, is hereby authorized, empowered and directed on behalf of EBS to employ the firm of Kurtzman Carson Consultants LLC ("KCC") as claims, noticing, voting and administrative agent to represent EBS in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance EBS's rights, and, in connection therewith the Authorized Officers are hereby authorized and directed to, on behalf of and in the name of EBS, (i) execute appropriate retention agreements, (ii) pay appropriate retainers prior to any filing of the Chapter 11 Cases, and (iii) cause to be executed and filed an appropriate application for authority to retain the services of KCC;

RESOLVED, that the Authorized Officers, and any employees or agents (including counsel) designated by or directed by any such officers be, and each of them hereby is, authorized, empowered, and directed (any one of them acting alone), on behalf of EBS, to employ any other professionals as they deem necessary or appropriate in their sole discretion to assist EBS in carrying out its duties under the Bankruptcy Code, including without limitation, the execution of appropriate retention agreements, payment of appropriate retainers prior to any filing of the Chapter 11 Case, the filing of appropriate applications for authority to retain the services of any other professionals as they shall in their sole discretion deem necessary or desirable;

Debtor-in-Possession Financing

RESOLVED, that the Authorized Officers, and any employees or agents (including counsel) designated by or directed by any such officers be, and each of them hereby is, authorized and empowered (any one of them acting alone), on behalf of EBS, to negotiate for, and obtain a $50 million superpriority debtor-in-possession term loan facility (the "DIP Credit Agreement"), on terms similar to those contained in the Credit Agreement and modified as necessary to reflect commencement of the Chapter 11 Case and such terms as are customary for similar debtor-in-possession facilities, and to negotiate the terms regarding the Company's use of cash collateral or other similar arrangements, including, without limitation, to enter into any guarantees and to pledge and grant liens on the Company's assets as may be contemplated by or required under the terms of such DIP Credit Agreement or cash collateral agreements or other similar arrangements; and in connection therewith, the Authorized Officers, and any employees or agents (including counsel) designated by or directed by any such officers be, and each of them hereby is, authorized and directed to execute the DIP Credit Agreement, and the related security documents, cash collateral agreements and ancillary documents (collectively, the "DIP Financing Documents" and the postpetition financing facility memorialized thereby, the "DIP Facility");

RESOLVED, that in connection with any Chapter 11 Case, the Authorized Officers, and any employees or agents (including counsel) designated by or directed by any such officers be, and each of them hereby is (any one of them acting alone), on behalf of EBS, authorized and directed on behalf of and in the name of EBS to negotiate, execute, deliver, and perform or cause the performance of the DIP Financing Documents, with such changes therein as shall be approved by such person executing the same, such approval to be evidenced conclusively by such person's execution and delivery thereof, and any additional notes, guarantees, security agreements, other agreements, consents, certificates or instruments as such person considers necessary, appropriate, desirable, or advisable to effectuate borrowings or other financial arrangements, such determination to be evidenced by such execution or taking of such action;

5

Other Documents and Actions

RESOLVED, that the Authorized Officers, and any employees or agents (including counsel) designated by or directed by any such officers be, and each of them hereby is, authorized and directed (any one of them acting alone), on behalf of EBS, to cause EBS to enter into, execute, deliver, certify, file and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action as in the judgment of such person shall be or become necessary, proper, and desirable to effectuate a successful reorganization of EBS's business pursuant to the Restructuring;

RESOLVED, that each of the Authorized Officers, and such other officers of EBS as the Authorized Officers shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such Authorized Officers, may, in the name and on behalf of EBS, use cash of EBS to fund, finance, pay or otherwise satisfy, consistent with the Company's customary cash management procedures, all existing and future operations, purchases, obligations, liabilities, fees and expenses of the Company occurring in the ordinary course of business or as necessary to effectuate a successful reorganization of their businesses;

IV.     Further Actions and Prior Actions

RESOLVED, that the Authorized Officers be, and each of them hereby is, in addition to the specific authorizations heretofore conferred upon them, authorized and directed (any one of them acting alone), on behalf of EBS, to take or cause to be taken such other actions, and to execute and/or deliver such other agreements, certificates, instruments and documents, and to pay or cause to be paid all expenses, including all filing fees, in each case as such Authorized Officer(s) shall determine in his or their sole discretion to be necessary or desirable to fully carry out the intent and accomplish the purposes of the foregoing resolutions or in furtherance of or to fully accomplish any and all actions authorized to be taken in connection therewith, including, without limitation, effectuating the Restructuring and the other transactions contemplated thereby; and

RESOLVED, that any and all acts, actions and transactions heretofore taken in connection with or relating to the matters contemplated by the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were adopted by the Board, are hereby in all respects approved, confirmed and ratified.