**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

| | ) | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| EAGLE BULK SHIPPING INC., | ) | |
| | ) | Case No. 14-12303 (SHL) |
| Debtor. | ) | |

_____)

### GLOBAL NOTES, METHODOLOGY, AND SPECIFIC
### DISCLOSURES REGARDING THE DEBTOR'S SCHEDULES OF
### ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### <u>Introduction</u>

On the date hereof, Eagle Bulking Shipping Inc., as debtor and debtor in possession (the "<u>Debtor</u>")[1] in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>"), with the assistance of its advisors, has filed its respective Schedules of Assets and Liabilities (the "<u>Schedules</u>") and Statements of Financial Affairs (the "<u>Statements</u>" and, together with the Schedules, the "<u>Schedules and Statements</u>") with the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>"), pursuant to section 521 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs (the "<u>Global Notes</u>") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("<u>GAAP</u>"), nor are they intended to be fully reconciled with the financial statements of the Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.

In preparing the Schedules and Statements, the Debtor relied upon information derived from its books and records that was available at the time of such preparation. Although the Debtor has made reasonable efforts to ensure the accuracy and completeness of such financial

---

[1]    The Debtor and its non-debtor subsidiaries (the "<u>Non-Debtor Subsidiaries</u>") are collectively referred to herein as "<u>Eagle</u>."

information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements. Accordingly, the Debtor reserves all of its rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary and appropriate. Notwithstanding the foregoing, the Debtor shall not be required to update the Schedules and Statements.

Mr. Adir Katzav has signed the Schedules and Statements. Mr. Katzav is the Chief Financial Officer of Eagle Bulk Shipping Inc. and an authorized signatory for the Debtor. In reviewing and signing the Schedules and Statements, Mr. Katzav necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtor and its advisors. Mr. Katzav has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## Global Notes and Overview of Methodology

**1.    Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements. Nevertheless, inadvertent errors or omissions may exist. The Debtor reserves all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("Claim") description or designation, or to remove any Claim that is the obligation of one or more Non-Debtor Subsidiaries (but not the Debtor); dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Chapter 11 Case, including, without limitation, issues involving Claims, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

The listing in the Schedules of Statements (including, without limitation, in Statement 3(c), Schedule B, and Schedule F) by the Debtor of any obligation between the Debtor and a Non-Debtor Subsidiary is a statement of what appears in the Debtor's books and records and does not reflect any admission or conclusion of the Debtor regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court. The Debtor reserves all rights with respect to such obligations.

**2.      Description of Case and "As Of" Information Date**.    On August 6, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The asset information provided herein, except as otherwise noted, represents the asset data of the Debtor as of June 30, 2014, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtor as of the close of business on August 5, 2014.

**3.      Recharacterization**.  Notwithstanding the Debtor's commercially reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtor may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtor's business.  Accordingly, the Debtor reserves all its rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

**4.      Liabilities**.  The Debtor has sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.  Accordingly, the Debtor reserves all of its rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

**5.      Excluded Assets and Liabilities**.  The Debtor has excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage Claims exist.  In addition, certain immaterial assets and liabilities may have been excluded.

Pursuant to certain Bankruptcy Court Orders, the Debtor has been granted authority (currently on an interim basis) to pay, in its discretion, certain outstanding prepetition Claims.  Prepetition liabilities which have been paid postpetition or those which the Debtor intends to pay under such authorization may have been excluded from the Schedules and Statements.

**6.      Executory Contracts**.  Although the Debtor made diligent attempts to attribute an executory contract to the Debtor (and thus identified such executory contract in the Schedules) or the applicable Non-Debtor Subsidiary, in certain instances, the Debtor may have inadvertently failed to do so due to the complexity and size of the Debtor's business.  Accordingly, the Debtor reserves all of its rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

**7.      Classifications**.  Listing a Claim on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured," or (d) listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtor of the legal rights of the Claimant

or a waiver of the Debtor's rights to recharacterize or reclassify such Claims or contracts or to setoff of such Claims.

8.      **Claims Description**.  Schedules D, E, and F permits the Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a Claim on a given Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection.  The Debtor reserves all of its rights to dispute, or assert offsets or defenses to, any Claim reflected on the Schedules and Statements on any grounds, including liability or classification.  Additionally, the Debtor expressly reserves all of its rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtor.

9.      **Causes of Action**.  Despite their commercially reasonable efforts to identify all known assets, the Debtor may not have listed all of its causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  The Debtor reserves all of its rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

10.     **Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

      a.      Undetermined Amounts.  The description of an amount as "Undetermined" is not intended to reflect upon the materiality of such amount.

      b.      Totals.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

      c.      Paid Claims.  The Debtor is authorized (but not directed) to pay certain outstanding prepetition Claims pursuant to various orders entered by the Bankruptcy Court. Accordingly, certain outstanding liabilities may have been reduced by postpetition payments made on account of

prepetition liabilities. To the extent the Debtor pays any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtor reserves all of its rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities.

d.    <u>Liens</u>. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

**11.    <u>Estimates</u>**. To prepare and file the Schedules in accordance with the deadline established in this Chapter 11 Case, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtor reserves all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

**12.    <u>Currency</u>**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**13.    <u>Setoffs</u>**. The Debtor incurs certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, and other disputes between the Debtor and its contract counterparties, vendors, suppliers, and/or customers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtor's industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Debtor's Schedules and Statements.

**14.    <u>Intercompany</u>**. Intercompany payables and receivables between the Debtor and Non-Debtor Subsidiaries are set forth on Schedule F or Schedule B.16, as applicable. Intercompany transfers between the Debtor and Non-Debtor Subsidiaries are set forth on Statement question 3c.

**15.    <u>Global Notes Control</u>**. In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

**Specific Disclosures with Respect to the Debtor's Schedules**

**<u>Schedule B2</u>**. Details with respect to the Debtor's cash management system and bank accounts are provided in the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing Debtor to Continue in Ordinary Course (A) Using Existing Cash Management System, Bank Accounts, and Business Forms and (B) Performing Intercompany Transactions; (II) Authorizing and Directing Debtor's Banks to Honor All Related Payment Requests; (III) Waiving Investment Guidelines of Section 345(b) of Bankruptcy Code; (IV) Scheduling a Hearing to Consider Entry*

*of a Final Order; and (V) Granting Related Relief* [Docket No. 7] (the "<u>Cash Management Motion</u>").

**Schedule B9**.  Additional information regarding the insurance policies listed on Schedule B9 is available in the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing Debtor to (A) Maintain Existing Insurance Programs and (B) Pay All Obligations in Respect Thereof; (II) Directing Financial Institutions to Honor and Process All Related Checks and Electronic Payment Requests; (III) Scheduling a Final Hearing to Consider Entry of a Final Order; and (IV) Granting Related Relief* [Docket No. 6].

**Schedules B13**.  Ownership interests in Non-Debtor Subsidiaries have been listed on Schedule B13 as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

**Schedule B16**.  Values listed as Inter-Company receivables are subject to further reconciliation.

**Schedule D**.  The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all such dates are included for each Claim. All Claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtor reserves its rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D.  Moreover, although the Debtor has scheduled Claims of various creditors as secured Claims, the Debtor reserves all of its rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim.  The descriptions provided in Schedule D are solely intended to be a summary—and not an admission—of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Although there are multiple parties that hold a portion of the debt included in the Debtor's prepetition secured credit facilities, only the administrative agents have been listed for purposes of Schedule D.

**Schedule E**.  Although the Debtor has two officers primarily responsible for the senior management of the Debtor's business operations, the Debtor does not directly employ any personnel.  In addition, given its operational structure, the Debtor itself generally does not pay any taxes or fees.  Furthermore, as noted above, the Bankruptcy Court authorized the Debtor, in its discretion, to pay certain prepetition claims, including, but not limited to, payments related to employee wages and benefits and certain taxes and fees. Thus, to the extent there existed any

prepetition employee or tax claims of the Debtor, such claims would have been paid, or may be paid, under Bankruptcy Court order and would not be scheduled on Schedule E.

**Schedule F**.    The Debtor has used commercially reasonable efforts to report all general unsecured Claims against the Debtor on Schedule F based upon the Debtor's existing books and records as of the Petition Date.   Schedule F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtor's books and records as required in accordance with GAAP.   Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date.

The Claims listed in Schedule F arose or were incurred on various dates.   In certain instances, the date on which a Claim arose is an open issue of fact.   Although reasonable efforts have been made to identify the date of incurrence of each Claim, determining the date upon which each Claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtor's do not list a date for each Claim listed on Schedule F.

Pursuant to certain Bankruptcy Court Orders, the Debtor has been granted authority (currently on an interim basis) to pay, in its discretion, certain outstanding prepetition Claims.   The Debtor's Schedule F may reflect the Debtor's payment of certain Claims pursuant to these orders, and, to the extent an unsecured Claim has been paid or may be paid, it is possible such Claim is not included on Schedule F.

Schedule F contains information regarding pending litigation involving the Debtor. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements.   Some of the litigation Claims listed on Schedule F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

Schedule F reflects unsecured Claims that a Debtor may have against a Non-Debtor Subsidiary on account of intercompany payables.   To the extent a Debtor has a Claim against a Non-Debtor Subsidiary on account of the Debtor's prepetition secured facilities, these Claims are not reflected on Schedule F.   Furthermore, the values listed as Inter-Company payables are subject to further reconciliation.

**Schedule G**.   The Debtor's business is complex.   Although the Debtor's existing books, records, and financial systems have been relied upon to identify and schedule executory contracts and diligent efforts have been made to ensure the accuracy of the Debtor's Schedule G, inadvertent errors, omissions, or over-inclusions may have occurred.   Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease, that such contract or agreement was in effect on the Petition Date or is valid or enforceable, or that the Debtor intends to assume or reject such contract or agreement. The Debtor hereby reserves all of its rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth on Schedule G and to amend or supplement Schedule G as necessary.   Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights.   Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry.  The Debtor expressly reserves its rights to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtor's use of reasonable efforts to identify such documents.  Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.  In some cases, the same supplier or provider appears multiple times on Schedule G.  This multiple listing is intended to reflect distinct agreements between the Debtor and such supplier or provider.

The Debtor reserves all of its rights, Claims, and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim.

In addition, the Debtor may have entered into various other types of agreements in the ordinary course of business, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements, indemnity agreements, and confidentiality agreements.  Such documents may not be set forth on Schedule G.  Further, the Debtor reserves all of its rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts becomes available.  Certain of the executory agreements may not have been memorialized and could be subject to dispute.  Executory agreements that are oral in nature have not been included on Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

**Schedule H**.  For purposes of Schedule H, the Non-Debtor Subsidiaries that are either the principal obligors or guarantors under the Debtor's prepetition secured credit facility are listed as Co-Debtors on Schedule H.  The Debtor may not have identified certain guarantees associated with the Debtor's executory contracts, unexpired leases, secured financings, debt instruments and other such agreements.  The Debtor reserve all of its rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

Although there are multiple lenders under the Debtor's prepetition secured credit facility, only the administrative agent has been listed for purposes of Schedule H.

In the ordinary course of its business, the Debtor may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties. Because all such Claims are contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H. Litigation matters can be found on the Debtor's Schedule F and Statement 4a, as applicable.

### Specific Disclosures with Respect to the Debtor's Statements

**Statement 3b**. As further described in the Debtor's Cash Management Motion, the Debtor transfers funds to Eagle Shipping International (USA) LLC for the purpose of paying, among other things, third party vendors on the behalf of the Debtor, payroll and expense reimbursement for officers and directors, and to fund the ordinary course business of the Non-Debtor Subsidiaries. Intercompany payments and transfers have been excluded from Statement 3b, but are reflected in Statement 3c. The Debtor, with few exceptions, makes no payments directly.

**Statement 3c**. As further described in the Debtor's Cash Management Motion, the Debtor transfers funds to Eagle Shipping International (USA) LLC for the purpose of paying, among other things, third party vendors on the behalf of the Debtor, payroll and expense reimbursement for officers and directors, and to fund the ordinary course business of Non-Debtor Subsidiaries. The details of the payments made by Eagle Shipping International (USA) LLC to insiders are available upon request.

**Statement 4a**. Information provided in Statement 4a includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum. In the Debtor's attempt to provide full disclosure, to the extent a legal dispute or administrative proceeding is not formally recognized by an administrative, judicial or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy, the Debtor has identified such matters on Schedule F. Additionally, any information contained in Statement 4a shall not be a binding representation of the Debtor's liabilities with respect to any of the suits and proceedings identified therein.

**Statement 9**. Although the Debtor retained the entities and individuals who provided consultation concerning debt consolidation relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date, all of the payments, or property transferred by or on behalf of a Debtor for such services, were made by Eagle Shipping International (USA) LLC and are therefore not listed on the Debtor's response to Statement 9. Information regarding the payments or property transferred to such retained entities and individuals is available upon request.

**Statement 19a-c**. The Debtor has listed those individuals and/or firms that have been identified as having the primary responsibility to maintain or supervise the keeping of the Debtor's books and records. Notwithstanding this listing, additional parties not listed may have had access to the Debtor's books and records.

**Statement 19d**.  The Debtor has provided financial statements in the ordinary course of its business to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date.  Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtor's knowledge or consent, the Debtor has not disclosed any parties that may have received such financial statements for the purposes of Statement 19d.

**Statement 23**.  Unless otherwise indicated in a Debtor's specific response to Statement 23, the Debtor has included a comprehensive response to Statement 23 in Statement 3c.

*[Remainder of Page Intentionally Left Blank]*

B6 Summary (Official Form 6 - Summary) (12/13)

# United States Bankruptcy Court

**Southern District Of New York**

In re    Eagle Bulk Shipping Inc.                          ,        Case No.  14-12303 (SHL)
                    **Debtor**

                                                                    Chapter  11

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $        0.00 | | |
| B - Personal Property | Yes | 9 | $    5,401,396.50 | | |
| C - Property Claimed as Exempt | No | | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | $    1,188,847,632.09 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $        0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 14 | | $        0.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 3 | | | |
| H - Codebtors | Yes | 7 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | $    N/A |
| J - Current Expenditures of Individual Debtors(s) | No | | | | $    N/A |
| **TOTAL** | | 38 | $    5,401,396.50 + Undetermined Amounts | $    1,188,847,632.09 + Undetermined Amounts | |

B6A (Official Form 6A) (12/07)

In re   **Eagle Bulk Shipping Inc.**                              ,        Case No.   **14-12303 (SHL)**
_____
**Debtor**                                                                  **(If known)**

# SCHEDULE A – REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |
| | | Total ▶ | $ 0.00 | |

(Report also on Summary of Schedules.)

B6B (Official Form 6B) (12/07)

In re  Eagle Bulk Shipping Inc.                                    ,                Case No.  14-12303 (SHL)
                    Debtor                                                                                (If known)

# SCHEDULE B – PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian," Do not disclose the child's name.  See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or coopratives. | | RBS - 1 PRINCESS STREET LONDON ECR 8BP  UNITED KINGDOM  - Account# xxx-USD1 - Balance as of 8/5/2014 | | $121,951.76 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | See attached rider | | Undetermined |
| 10. Annuities. Itemize and name each issuer. | X | | | |

B6B (Official Form 6B) (12/07) – Cont.

In re **Eagle Bulk Shipping Inc.**                    ,          Case No. **14-12303 (SHL)**
              **Debtor**                                                    **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | See attached rider | | Undetermined |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | See attached rider | | Undetermined |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

B6B (Official Form 6B) (12/07) – Cont.

In re **Eagle Bulk Shipping Inc.**                              ,                    Case No. **14-12303 (SHL)**
　　　　　　　　　**Debtor**                                                                      **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

B6B (Official Form 6B) (12/07) – Cont.

In re  Eagle Bulk Shipping Inc.                                    ,                   Case No. 14-12303 (SHL)
                         **Debtor**                                                              **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | | See attached rider | | $5,279,444.74 |
| | | ____3____ continuation sheets attached     Total ▶ | | $ 5,401,396.50 + Undetermined Amounts |
| | | (Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.) | | |

**In re: Eagle Bulk Shipping Inc.**                                                    **Case No. 14-12303 (SHL)**

## SCHEDULE B PERSONAL PROPERTY
### Rider B.9 - Interests In Insurance Policies

| Insurance Company | Type of Policy | Policy Number | Surrender or Refund Value |
|---|---|---|---|
| ACE AMERICAN INSURANCE | Director & Officer | DOXG24591281003 | Undetermined |
| ALLIED WORLD ASSURANCE COMPANY INC | Director & Officer | 03084707 | Undetermined |
| COMPASS ROSE SERVICE, INC | Commercial Liability / Property | CP3121169H | Undetermined |
| COMPASS ROSE SERVICE, INC | Excess Liability | XL1112795D | Undetermined |
| FREEDOM SPECIALTY INSURANCE COMPANY | Director & Officer | XMF1400785 | Undetermined |
| ILLINOIS NATIONAL INSURANCE COMPANY | Director & Officer | 013073634 | Undetermined |
| ILLINOIS NATIONAL INSURANCE COMPANY | Director & Officer | 013073632 | Undetermined |
| XL SPECIALTY INSURANCE COMPANY | Director & Officer | ELU13478214 | Undetermined |

TOTAL    Undetermined

In re: Eagle Bulk Shipping Inc.                                   Case No. 14-12303 (SHL)

### Schedule B - Personal Property
### Rider B.13 - Stocks and Interests in Incorporated Businesses

| Name of Business | Ownership Interest | Net Book Value |
|---|---|---|
| AGALI SHIPPING S.A. | 100% | Undetermined |
| ANEMI MARITIME SERVICES S.A. | 100% | Undetermined |
| AVOCET SHIPPING LLC | 100% | Undetermined |
| BITTERN SHIPPING LLC | 100% | Undetermined |
| CANARY SHIPPING LLC | 100% | Undetermined |
| CARDINAL SHIPPING LLC | 100% | Undetermined |
| CONDOR SHIPPING LLC | 100% | Undetermined |
| CRANE SHIPPING LLC | 100% | Undetermined |
| CRESTED EAGLE SHIPPING LLC | 100% | Undetermined |
| CROWNED EAGLE SHIPPING LLC | 100% | Undetermined |
| EAGLE BULK (DELAWARE) LLC | 100% | Undetermined |
| EAGLE BULK PTE. LTD. | 100% | Undetermined |
| EAGLE SHIPPING INTERNATIONAL (USA) LLC | 100% | Undetermined |
| EGRET SHIPPING LLC | 100% | Undetermined |
| FALCON SHIPPING LLC | 100% | Undetermined |
| GANNET SHIPPING LLC | 100% | Undetermined |
| GOLDEN EAGLE SHIPPING LLC | 100% | Undetermined |
| GOLDENEYE SHIPPING LLC | 100% | Undetermined |
| GREBE SHIPPING LLC | 100% | Undetermined |
| HARRIER SHIPPING LLC | 100% | Undetermined |
| HAWK SHIPPING LLC | 100% | Undetermined |
| IBIS SHIPPING LLC | 100% | Undetermined |
| IMPERIAL EAGLE SHIPPING LLC | 100% | Undetermined |
| JAEGER SHIPPING LLC | 100% | Undetermined |
| JAY SHIPPING LLC | 100% | Undetermined |
| KAMPIA SHIPPING S.A. | 100% | Undetermined |
| KESTREL SHIPPING LLC | 100% | Undetermined |
| KINGFISHER SHIPPING LLC | 100% | Undetermined |
| KITE SHIPPING LLC | 100% | Undetermined |
| KITTIWAKE SHIPPING LLC | 100% | Undetermined |
| MARMARO SHIPPING S.A. | 100% | Undetermined |
| MARTIN SHIPPING LLC | 100% | Undetermined |
| MERLIN SHIPPING LLC | 100% | Undetermined |
| MESTA SHIPPING S.A. | 100% | Undetermined |
| MYLOS SHIPPING S.A. | 100% | Undetermined |
| NAGOS SHIPPING S.A. | 100% | Undetermined |
| NIGHTHAWK SHIPPING LLC | 100% | Undetermined |
| ORIOLE SHIPPING LLC | 100% | Undetermined |
| OSPREY SHIPPING LLC | 100% | Undetermined |
| OWL SHIPPING LLC | 100% | Undetermined |
| PEREGRINE SHIPPING LLC | 100% | Undetermined |
| PETREL SHIPPING LLC | 100% | Undetermined |
| PUFFIN SHIPPING LLC | 100% | Undetermined |
| RAHI SHIPPING S.A. | 100% | Undetermined |
| REDWING SHIPPING LLC | 100% | Undetermined |
| ROADRUNNER SHIPPING LLC | 100% | Undetermined |
| SANDPIPER SHIPPING LLC | 100% | Undetermined |
| SHRIKE SHIPPING LLC | 100% | Undetermined |
| SIRIKARI SHIPPING S.A. | 100% | Undetermined |
| SKUA SHIPPING LLC | 100% | Undetermined |
| SPARROW SHIPPING LLC | 100% | Undetermined |
| SPILIA SHIPPING S.A. | 100% | Undetermined |
| STELLAR EAGLE SHIPPING LLC | 100% | Undetermined |

**In re: Eagle Bulk Shipping Inc.**

**Case No. 14-12303 (SHL)**

### Schedule B - Personal Property
### Rider B.13 - Stocks and Interests in Incorporated Businesses

| Name of Business | Ownership Interest | Net Book Value |
|---|---|---|
| TERN SHIPPING LLC | 100% | Undetermined |
| THRASHER SHIPPING LLC | 100% | Undetermined |
| THRUSH SHIPPING LLC | 100% | Undetermined |
| WOODSTAR SHIPPING LLC | 100% | Undetermined |
| WREN SHIPPING LLC | 100% | Undetermined |
| | **Total** | **Undetermined** |

In re: Eagle Bulk Shipping Inc.                                    Case No. 14-12303 (SHL)

## SCHEDULE B - PERSONAL PROPERTY
## RIDER B.16 - ACCOUNTS RECEIVABLE

| DESCRIPTION | BOOK VALUE |
|---|---|
| Other Receivables | $607,778.07 |
| | |
| Inter-Company Receivables | |
| I/C AVOCET SHIPPING LLC | $27,960,571.50 |
| I/C BITTERN SHIPPING LLC | $25,593,788.98 |
| I/C CANARY SHIPPING LLC | $26,267,162.72 |
| I/C CRANE SHIPPING LLC | $30,769,504.01 |
| I/C CRESTED EAGLE SHIPPING LLC | $12,524,182.24 |
| I/C CROWNED EAGLE SHIPPING LLC | $6,520,672.73 |
| I/C EAGLE SHIPPING INTERNATIONAL (USA) LLC | $750,264,475.36 |
| I/C EGRET SHIPPING LLC | $20,062,422.79 |
| I/C GANNET SHIPPING LLC | $22,096,557.17 |
| I/C GOLDEN EAGLE SHIPPING LLC | $15,169,837.83 |
| I/C GOLDENEYE SHIPPING LLC | $24,277,568.51 |
| I/C GREBE  SHIPPING LLC | $23,794,626.08 |
| I/C IBIS  SHIPPING LLC | $24,627,598.63 |
| I/C IMPERIAL EAGLE SHIPPING LLC | $14,926,092.26 |
| I/C JAY  SHIPPING LLC | $33,108,031.11 |
| I/C KINGFISHER  SHIPPING LLC | $36,206,655.74 |
| I/C MARTIN  SHIPPING LLC | $32,227,942.04 |
| I/C NIGHTHAWK  SHIPPING LLC | $31,125,917.76 |
| I/C ORIOLE SHIPPING LLC | $30,999,684.87 |
| I/C OWL  SHIPPING LLC | $32,931,311.64 |
| I/C PEREGRINE SHIPPING LLC | $352,447.72 |
| I/C PETREL SHIPPING LLC | $23,483,503.90 |
| I/C PUFFIN SHIPPING LLC | $14,349,924.27 |
| I/C REDWING SHIPPING LLC | $36,497,531.53 |
| I/C ROADRUNNER SHIPPING LLC | $24,658,333.64 |
| I/C SANDPIPER SHIPPING LLC | $24,490,687.91 |
| I/C SKUA SHIPPING LLC | $5,430,539.59 |
| I/C STELLAR EAGLE SHIPPING LLC | $10,363,816.24 |
| I/C THRASHER SHIPPING LLC | $29,236,955.34 |
| I/C THRUSH SHIPPING LLC | $37,736,668.72 |
| I/C WOODSTAR SHIPPING LLC | $18,787,169.40 |
| I/C WREN SHIPPING LLC | $13,368,564.91 |

| | |
|---|---|
| Sub-Total Inter-Company Receivables (1) | Undetermined |
| | |
| Total Accounts Receivables | Undetermined |

(1) Value of Inter-Company Receivables is Subject to Further Reconciliation

**In re: Eagle Bulk Shipping Inc.**                                    **Case No. 14-12303 (SHL)**

### SCHEDULE B PERSONAL PROPERTY
### Rider B.35 - Other Personal Property Of Any Kind Not Already Listed

| Description | Book Value |
| --- | --- |
| INVESTMT- EAGLE BULK PTE LTD | $500,000.00 |
| LT PREPAID D&O INSURANCE | $2,672,549.26 |
| PREPAID - DIRECT & OFF (D&O INSURANCE) | $2,029,856.02 |
| PREPAID EXPENSES | $35,967.29 |
| PREPAID- PROFESSIONAL FEES | $41,072.17 |

TOTAL      $5,279,444.74

B6D (Official Form 6D) (12/07)

In re   Eagle Bulk Shipping Inc.                    ,              Case No.   14-12303 (SHL)
                    **Debtor**                                                          **(if known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br>THE ROYAL BANK OF SCOTLAND PLC AS SECURITY TRUSTEE GROUND FLOOR, 15 BISHOPSGATE LONDON, EC2P 2AP UNITED KINGDOM | | | UCC Financing Statement #2012066716 <br><br> VALUE $ Undetermined | X | X | X | Undetermined | Undetermined |
| ACCOUNT NO. <br><br>THE ROYAL BANK OF SCOTLAND PLC AS SECURITY TRUSTEE GROUND FLOOR, 15 BISHOPSGATE LONDON, EC2P 2AP UNITED KINGDOM | | | UCC Financing Statement #LT1-5-2012066976-1 <br><br> VALUE $ Undetermined | X | X | X | Undetermined | Undetermined |
| _1_ continuation sheets attached | | | Subtotal ▶ <br> (Total of this page) | | | | $ 0.00 | $0.00 |
| | | | Total ▶ <br> (Use only on last page) | | | | $ | $ |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B6D (Official Form 6D) (12/07) – Cont.

In re  **Eagle Bulk Shipping Inc.**                    ,        Case No.   **14-12303 (SHL)**
                    **Debtor**                                         **(if known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> WILMINGTON TRUST (LONDON) LIMITED AS ADMINISTRATIVE AGENT THIRD FLOOR, 1 KING'S ARMS YARD LONDON, EC2R 7AF UNITED KINGDOM | | | Term loan principal of $1,129,478,742.00, PIK Loans of $59,368,890.00, plus accrued but unpaid interest, plus the costs and expenses payable under the finance documents. <br> VALUE $ Undetermined | | X | | $1,188,847,632.09 | Undetermined |
| ACCOUNT NO. | | | <br><br><br> VALUE $ | | | | | |
| ACCOUNT NO. | | | <br><br><br> VALUE $ | | | | | |
| ACCOUNT NO. | | | <br><br><br> VALUE $ | | | | | |
| ACCOUNT NO. | | | <br><br><br> VALUE $ | | | | | |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal (s)▶
(Total(s) of this page)

| $ 1,188,847,632.09 | $0.00 |
|---|---|

Total(s) ▶
(Use only on last page)

| $ 1,188,847,632.09 <br> + Undetermined Amounts | $0.00 <br> + Undetermined Amounts |
|---|---|
| (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B6E (Official Form 6E) (04/13)

In re   __Eagle Bulk Shipping Inc._____,     Case No. __14-12303 (SHL)_____
                    **Debtor**                                                             **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

**[ x ]** Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

**[ ] Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

**[ ] Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

**[ ] Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

**[ ] Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

**B6E (Official Form 6E) (04/13) – Cont.**

In re  <u>Eagle Bulk Shipping Inc.</u>                    ,                    Case No. <u>14-12303 (SHL)</u>
                         **Debtor**                                                                **(if known)**

☐   **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐   **Deposits by individuals**

    Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐   **Taxes and Certain Other Debts Owed to Governmental Units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment.

    <u> 0 </u>  continuation sheets attached

B6F (Official Form 6F) (12/07)

In re   Eagle Bulk Shipping Inc._____,          Case No. 14-12303 (SHL)_____
                    **Debtor**                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>AGALI SHIPPING S.A.<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>ANEMI MARITIME SERVICES S.A.<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>AVOCET SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>BITTERN SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |

Subtotal ▶  $ 0.00

_13_ continuation sheets attached                        Total ▶  $
                              (Use only on last page of the completed Schedule F.)
                              (Report also on Summary of Schedules and, if applicable, on the Statistical
                                    Summary of Certain Liabilities and Related Data.)

(1) Value of Inter-Company Payables is Subject to Further Reconciliation

B6F (Official Form 6F) (12/07) – Cont.

In re **Eagle Bulk Shipping Inc.**                          ,                    Case No.   **14-12303 (SHL)**
_____              _____
               **Debtor**                                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>CANARY SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>CARDINAL SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations - $16,893,796.23 (1) | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>CONDOR SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations - $12,161,132.05 (1) | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>CRANE SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>CRESTED EAGLE SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |

Sheet no. _1_ of _13_ continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶     $ 0.00

Total ▶     $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

(1) Value of Inter-Company Payables is Subject to Further Reconciliation

B6F (Official Form 6F) (12/07) – Cont.

In re  **Eagle Bulk Shipping Inc.**                    ,        Case No.   **14-12303 (SHL)**
　　　　　　　　**Debtor**                                                         **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>CROWNED EAGLE SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>EAGLE BULK (DELAWARE) LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>EAGLE BULK PTE. LTD.<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>EAGLE MANAGEMENT CONSULTANCY PTE. LTD.<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>EAGLE MANAGEMENT CONSULTANTS LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations - $6,876,056.50 (1) | X | X | X | Undetermined |

Sheet no.  _2_ of _13_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶  $ 0.00

Total ▶  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

(1) Value of Inter-Company Payables is Subject to Further Reconciliation

B6F (Official Form 6F) (12/07) – Cont.

In re  **Eagle Bulk Shipping Inc.**                    ,          Case No.   **14-12303 (SHL)**
                                  **Debtor**                                                        **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. EAGLE SHIP MANAGEMENT LLC 477 MADISON AVENUE NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO. EAGLE SHIPPING INTERNATIONAL (USA) LLC 477 MADISON AVENUE NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO. EGRET SHIPPING LLC 477 MADISON AVENUE NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO. FALCON SHIPPING LLC 477 MADISON AVENUE NEW YORK, NY 10022 | | | Inter-Company Obligations - $22,887,234.14 (1) | X | X | X | Undetermined |
| ACCOUNT NO. GANNET SHIPPING LLC 477 MADISON AVENUE NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |

Sheet no.  _3_ of _13_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶  $ 0.00

Total ▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

(1) Value of Inter-Company Payables is Subject to Further Reconciliation

B6F (Official Form 6F) (12/07) – Cont.

In re  **Eagle Bulk Shipping Inc.**                    ,              Case No.__14-12303 (SHL)_____
_____**Debtor**_____                                                   **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>GOLDEN EAGLE SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>GOLDENEYE SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>GREBE SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>HARRIER SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations - $11,987,121.90 (1) | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>HAWK SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations - $10,566,964.55 (1) | X | X | X | Undetermined |

Sheet no. _4_ of _13_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶  | $ 0.00

Total ▶  | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

(1) Value of Inter-Company Payables is Subject to Further Reconciliation

B6F (Official Form 6F) (12/07) – Cont.

In re  **Eagle Bulk Shipping Inc.**                              ,          Case No.   14-12303 (SHL)
　　　　　　　　**Debtor**                                                                **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>IBIS SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>IMPERIAL EAGLE SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>INTERNATIONAL CHARTERING SERVICES, INC.<br>C/O KEANE & MARLOWE LLP<br>ATTN: CHRISTOPHER P. KEANE, JR.<br>197 ROUTE 18 SO,, SUITE 3000<br>EAST BRUNSWICK, NJ 08816 | | | Contingent Liability | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>JAEGER SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations - $10,276,758.29 (1) | X | X | X | Undetermined |

Sheet no.   5  of  13  continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶  | $ 0.00

Total ▶
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)  | $

(1) Value of Inter-Company Payables is Subject to Further Reconciliation

B6F (Official Form 6F) (12/07) – Cont.

In re  **Eagle Bulk Shipping Inc.**                    ,                    Case No.   **14-12303 (SHL)**
_____
 **Debtor**                                                                      **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  JAY SHIPPING LLC 477 MADISON AVENUE NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.  KAMPIA SHIPPING S.A. 477 MADISON AVENUE NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.  KESTREL SHIPPING LLC 477 MADISON AVENUE NEW YORK, NY 10022 | | | Inter-Company Obligations - $2,448,652.50 (1) | X | X | X | Undetermined |
| ACCOUNT NO.  KINGFISHER SHIPPING LLC 477 MADISON AVENUE NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.  KITE SHIPPING LLC 477 MADISON AVENUE NEW YORK, NY 10022 | | | Inter-Company Obligations - $6,860,038.67 (1) | X | X | X | Undetermined |

Sheet no. _6_ of _13_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶    $ 0.00

Total ▶    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

(1) Value of Inter-Company Payables is Subject to Further Reconciliation

B6F (Official Form 6F) (12/07) – Cont.

In re  **Eagle Bulk Shipping Inc.**                    ,                    Case No.  **14-12303 (SHL)**
────────────────────────────────                                          ──────────────────────
            **Debtor**                                                                  **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>KITTIWAKE SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations - $12,609,976.52 (1) | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>MARMARO SHIPPING S.A.<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>MARTIN SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>MERLIN SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations - $13,199,963.67 (1) | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>MESTA SHIPPING S.A.<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |

Sheet no. _7_ of _13_ continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶    $ 0.00

Total ▶    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

(1) Value of Inter-Company Payables is Subject to Further Reconciliation

B6F (Official Form 6F) (12/07) – Cont.

In re  **Eagle Bulk Shipping Inc.**                          ,        Case No.  **14-12303 (SHL)**
                        **Debtor**                                                        **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>MYLOS SHIPPING S.A.<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>NAGOS SHIPPING S.A.<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>NIGHTHAWK SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>ORIOLE SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>OSPREY SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations - $11,266,325.48 (1) | X | X | X | Undetermined |

Sheet no.  _8_ of _13_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶   $ 0.00

Total ▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

(1) Value of Inter-Company Payables is Subject to Further Reconciliation

B6F (Official Form 6F) (12/07) – Cont.

In re  Eagle Bulk Shipping Inc.                        ,          Case No.   14-12303 (SHL)
                    **Debtor**                                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>OWL SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>PERACO CHARTERING (USA) LLC<br>C/O KEANE & MARLOWE LLP<br>ATTN: CHRISTOPHER P. KEANE, JR.<br>197 ROUTE 18 SO., SUITE 3000<br>EAST BRUNSWICK, NJ 08816 | | | Contingent Liability | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>PEREGRINE SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>PETREL SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |

Sheet no.  9  of  13  continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶   $ 0.00

Total ▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

(1) Value of Inter-Company Payables is Subject to Further Reconciliation

B6F (Official Form 6F) (12/07) – Cont.

In re **Eagle Bulk Shipping Inc.** ,                    Case No. **14-12303 (SHL)**
                 **Debtor**                                          **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>PUFFIN SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>RAHI SHIPPING S.A.<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>REDWING SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>ROADRUNNER SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>SANDPIPER SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |

Sheet no. _10_ of _13_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ $ 0.00

Total ▶ $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

(1) Value of Inter-Company Payables is Subject to Further Reconciliation

B6F (Official Form 6F) (12/07) – Cont.

In re  **Eagle Bulk Shipping Inc.**                    ,          Case No.  **14-12303 (SHL)**
              **Debtor**                                                                **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>SHRIKE SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations - $19,373.80 (1) | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>SIRIKARI SHIPPING S.A.<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>SKUA SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>SPARROW SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations - $20,730,584.10 (1) | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>SPILIA SHIPPING S.A.<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |

Sheet no. _11_ of _13_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶  $ 0.00

Total ▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

(1) Value of Inter-Company Payables is Subject to Further Reconciliation

B6F (Official Form 6F) (12/07) – Cont.

In re **Eagle Bulk Shipping Inc.** ,                    Case No. **14-12303 (SHL)**
_____
         **Debtor**                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>STELLAR EAGLE SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>TERN SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations - $5,904,355.59 (1) | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>THRASHER SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>THRUSH SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>WOODSTAR SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |

Sheet no. _12_ of _13_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ $ 0.00

Total ▶ $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

(1) Value of Inter-Company Payables is Subject to Further Reconciliation

B6F (Official Form 6F) (12/07) – Cont.

In re  **Eagle Bulk Shipping Inc.**                             ,          Case No.  **14-12303 (SHL)**
_____
                                  **Debtor**                                                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>WREN SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | | | Inter-Company Obligations | X | X | X | Undetermined |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. __13_ of __13_ continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶   $ 0.00

Total ▶   $ 0.00
(Use only on last page of the completed Schedule F.)   + Undetermined
(Report also on Summary of Schedules and, if applicable, on the Statistical   Amounts
Summary of Certain Liabilities and Related Data.)

(1) Value of Inter-Company Payables is Subject to Further Reconciliation

B6G (Official Form 6G) (12/07)

In re   **Eagle Bulk Shipping Inc.**                                    ,          Case No.   **14-12303 (SHL)**
                        **Debtor**                                                                    **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| ACE AMERICAN INSURANCE COMPANY P.O. BOX 5105 SCRANTON, PA 18505-0518 | Insurance Policy # DOXG24591281003 - Dated 6/30/2014 |
| ALLIED WORLD ASSURANCE COMPANY (U.S.) INC. ATTN: CLAIMS DEPARTMENT 225 FRANKLIN STREET BOSTON, MA 02110 | Insurance Policy # 03084707 - Dated 6/30/2014 |
| COMPASS ROSE SERVICES, INC. 130 WILLIAM STREET RM 402 NEW YORK, NY 10038 | Insurance Policy # CP3121169H - Commerical Liability and Property - Dated 12/9/2013 |
| COMPASS ROSE SERVICES, INC. 130 WILLIAM STREET RM 402 NEW YORK, NY 10038 | Insurance Policy # XL1112795D - Dated 12/9/2013 |
| DELPHIN SHIPPING LLC SOPHOCLES ZOULLAS C/O SEWARD & KISSEL LLP ATTN: JAMES ABBOTT ONE BATTERY PARK PLAZA NEW YORK, NY 10004 | Management Agreement - Dated 8/4/2009 |
| FREEDOM SPECIALTY INSURANCE COMPANY 7 WORLD TRADE CENTER 250 GREENWICH STREET 37TH FLOOR NEW YORK, NY 10007 | Insurance Policy # XMF1400785 - Dated 6/30/2014 |

B6G (Official Form 6G) (12/07) – Cont.

In re   **Eagle Bulk Shipping Inc.**                                    ,          Case No.   **14-12303 (SHL)**
                         **Debtor**                                                                    **(if known)**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| HENSCHIEN INSURANCE OLE LANDMARKSVEI 14 BERGEN, 05053 NORWAY | Insurance Policy - Hull and Machinery, Includes All Associated Assured Entries and Amendments - Dated 4/18/2013 |
| HENSCHIEN INSURANCE OLE LANDMARKSVEI 14 BERGEN, 05053 NORWAY | Insurance Policy - Increased Value, Includes All Associated Assured Entries and Amendments - Dated 4/15/2013 |
| HUGH WOOD INC. ONE EXCHANGE PLAZA 55 BROADWAY 24TH FLOOR NEW YORK, NY 10006 | Insurance Policy - War Increased Value - Dated 4/18/2014 |
| HUGH WOOD INC. ONE EXCHANGE PLAZA 55 BROADWAY 24TH FLOOR NEW YORK, NY 10006 | Insurance Policy - War Hull & Machinery - Dated 4/18/2014 |
| HUGH WOOD INC. ONE EXCHANGE PLAZA 55 BROADWAY 24TH FLOOR NEW YORK, NY 10006 | Insurance Policy - Increased Value - Dated 4/18/2014 |
| HUGH WOOD INC. ONE EXCHANGE PLAZA 55 BROADWAY 24TH FLOOR NEW YORK, NY 10006 | Insurance Policy - Hull & Machinery - Dated 4/18/2014 |
| HUGH WOOD INC. ONE EXCHANGE PLAZA 55 BROADWAY 24TH FLOOR NEW YORK, NY 10006 | Insurance Policy - Difference in Conditions - Dated 4/18/2014 |

B6G (Official Form 6G) (12/07) – Cont.

In re   Eagle Bulk Shipping Inc._____,          Case No.  14-12303 (SHL)_____
                    **Debtor**                                                    **(if known)**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| HUGH WOOD INC. ONE EXCHANGE PLAZA 55 BROADWAY 24TH FLOOR NEW YORK, NY 10006 | Insurance Policy - War and Loss Hire - Dated 7/18/2014 |
| ILLINOIS NATIONAL INSURANCE COMPANY 300 SOUTH RIVERSIDE PLAZA SUITE 2100 CHICAGO, IL 60606-6613 | Insurance Policy # 013073634 - Dated 6/30/2014 |
| ILLINOIS NATIONAL INSURANCE COMPANY 300 SOUTH RIVERSIDE PLAZA SUITE 2100 CHICAGO, IL 60606-6613 | Insurance Policy # 013073632 - Dated 6/30/2014 |
| SOPHOCLES N. ZOULLAS C/O EAGLE SHIPPING INTERNATIONAL (USA) LLC 477 MADISON AVE. NEW YORK, NY 10022 | Employment Agreement - Dated 6/19/2008 |
| THE LONDON P&I CLUB 50 LEMAN STREET LONDON, E1 8HQ UNITED KINGDOM | Insurance Policy - Dated 2/20/2014 |
| THE STANDARD CLUB EUROPE LTD STANDARD HOUSE 12-13 ESSEX STREET LONDON, WC2R 3AA UNITED KINGDOM | Insurance Policy - Dated 2/20/2014 |
| XL SPECIALTY INSURANCE COMPANY 70 SEAVIEW AVENUE STAMFORD, CT 06902-6040 | Insurance Policy # ELU13478214 - Dated 6/30/2014 |

**B6H (Official Form 6H) (12/07)**

In re   Eagle Bulk Shipping Inc.                                ,          Case No.   14-12303 (SHL)
                        **Debtor**                                                                    **(if known)**

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| See attached rider | |

**In re: Eagle Bulk Shipping Inc.**                                              **Case No. 14-12303 (SHL)**

### Schedule H - Co-Debtor Rider

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| AGALI SHIPPING S.A.<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| ANEMI MARITIME SERVICES S.A.<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| AVOCET SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| BITTERN SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| CANARY SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| CARDINAL SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| CONDOR SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| CRANE SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| CRESTED EAGLE SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| CROWNED EAGLE SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| EAGLE BULK (DELAWARE) LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |

In re: Eagle Bulk Shipping Inc.                                          Case No. 14-12303 (SHL)

### Schedule H - Co-Debtor Rider

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| EAGLE BULK PTE. LTD.<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| EAGLE MANAGEMENT CONSULTANCY PTE. LTD.<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| EAGLE MANAGEMENT CONSULTANTS LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| EAGLE SHIP MANAGEMENT LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| EAGLE SHIPPING INTERNATIONAL (USA) LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| EGRET SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| FALCON SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| GANNET SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| GOLDEN EAGLE SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| GOLDENEYE SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| GREBE SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |

**In re: Eagle Bulk Shipping Inc.**                                      **Case No. 14-12303 (SHL)**

### Schedule H - Co-Debtor Rider

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| HARRIER SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| HAWK SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| IBIS SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| IMPERIAL EAGLE SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| JAEGER SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| JAY SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| KAMPIA SHIPPING S.A.<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| KESTREL SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| KINGFISHER SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| KITE SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| KITTIWAKE SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |

In re: Eagle Bulk Shipping Inc.                                   Case No. 14-12303 (SHL)

### Schedule H - Co-Debtor Rider

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| MARMARO SHIPPING S.A.<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| MARTIN SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| MERLIN SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| MESTA SHIPPING S.A.<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| MYLOS SHIPPING S.A.<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| NAGOS SHIPPING S.A.<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| NIGHTHAWK SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| ORIOLE SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| OSPREY SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| OWL SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| PEREGRINE SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |

In re: Eagle Bulk Shipping Inc.                                    Case No. 14-12303 (SHL)

### Schedule H - Co-Debtor Rider

| Name and Address of Co-Debtor | Name and Address of Creditor |
| --- | --- |
| PETREL SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| PUFFIN SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| RAHI SHIPPING S.A.<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| REDWING SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| ROADRUNNER SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| SANDPIPER SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| SHRIKE SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| SIRIKARI SHIPPING S.A.<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| SKUA SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| SPARROW SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| SPILIA SHIPPING S.A.<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |

**In re: Eagle Bulk Shipping Inc.**                                   **Case No. 14-12303 (SHL)**

### Schedule H - Co-Debtor Rider

| Name and Address of Co-Debtor | Name and Address of Creditor |
| --- | --- |
| STELLAR EAGLE SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| TERN SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| THRASHER SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| THRUSH SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| WOODSTAR SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |
| WREN SHIPPING LLC<br>477 MADISON AVENUE<br>NEW YORK, NY 10022 | WILMINGTON TRUST (LONDON) LIMITED<br>AS ADMINISTRATIVE AGENT<br>THIRD FLOOR, 1 KING'S ARM YARD<br>LONDON EC2R 7AF<br>UNITED KINGDOM |

In Re : Eagle Bulk Shipping Inc.                                                    Case No. 14-12303 (SHL)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____          Signature: _____
                                                                                              Debtor


Date _____          Signature: _____
                                                                                 (Joint Debtor, if any)

[If joint case, both spouses must sign.]

........................................................................................................................................

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.


_____          _____
Printed or Typed Name and Title, if any,                  Social Security No.
of Bankruptcy Petition Preparer                             *( Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address

X _____          _____
Signature of Bankruptcy Petition Preparer                  Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*
........................................................................................................................................

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the <u>Chief Financial Officer</u> [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the <u>Corporation</u> [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.


Date    <u>9/3/2014</u>                       Signature :  <u>/s/ Adir Katzav</u>


                                                   <u>Adir Katzav</u>
                                                   [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*
........................................................................................................................................

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*