**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EAGLE BULK SHIPPING INC., | ) | Case No. 14-12303 (SHL) |
|  | ) |  |
| Debtor. | ) |  |
| _____ | ) |  |

### ORDER AUTHORIZING DEBTOR TO EMPLOY AND RETAIN ALVAREZ & MARSAL NORTH AMERICA, LLC AS RESTRUCTURING ADVISORS TO DEBTOR AND DEBTOR IN POSSESSION PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE

Upon the application (the "Application")[1] of Eagle Bulk Shipping Inc., as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case") for entry of an order (the "Order") pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtor to employ and retain Alvarez & Marsal North America, LLC, together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "A&M") as restructuring advisors, nunc pro tunc to the date of filing of the case (the "Petition Date") on the terms set forth in the engagement letter (the "Engagement Letter") annexed to the Application as Exhibit A; and upon the Declaration of Dennis Stogsdill in support of the Application annexed thereto as Exhibit B; and due and adequate notice of the Application having been given; and the Court being satisfied that A&M is a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by this Application is in the best interests of the Debtor, its estate, its creditors, and

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings set forth in the Application.

other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1.      The Application is granted to the extent set forth herein.

2.      Pursuant to sections 327(a) and 328 of the Bankruptcy Code, the Debtor is hereby authorized to retain A&M as restructuring advisors to the Debtor, under a general retainer, on the terms set forth in the Engagement Letter, nunc pro tunc to the Petition Date. Notwithstanding the foregoing, all issues relating to the application of the retainer are deferred to the hearing to consider A&M's first application for compensation and reiumsbursement of expenses, and A&M and the U.S. Trustee retain all rights with respect thereto.

3.      A&M shall apply for compensation and reimbursement in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, the guidelines established by the United States Trustee for the Southern District of New York and such other procedures as may be fixed by order of this Court.

4.      Subject to this Order, the terms of the Engagement Letter, including without limitation, the compensation provisions and the indemnification provisions, as modified by the Application and this Order, are reasonable terms and conditions of employment and are hereby approved.

5.      All requests of persons seeking payment of indemnity (the "Indemnified Persons") pursuant to the Engagement Letter shall be made by means of an application (interim or final, as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided,

however, that in no event shall an Indemnified Person be indemnified to the extent that any claim arose or expense has resulted from any such losses finally judicially determined by a court of competent jurisdiction to have primarily resulted from the bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct of such party.

6.      In no event shall an Indemnified Person be indemnified if the Debtor or a representative of its estate asserts a claim for, and a court determines by final order that such claim primarily arose out of, such person's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

7.      In the event that an Indemnified Person seeks reimbursement for attorneys' fees from the Debtor pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in A&M's own applications (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of this Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

8.      To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

9.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated:  New York, New York
         September 19, 2014

                              _/s/ Sean H. Lane_
                              THE HONORABLE SEAN H. LANE
                              UNITED STATES BANKRUPTCY JUDGE

3